IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SOHEILA KHALILIJOURABCHIAN, ET AL., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 1:24-cv-02283-AJT-IDD | |
| MONTE HAWKINS, in his official capacity as ) | |
| Acting Director of National Vetting Center, ) | |
| ET AL., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs[1] are three Iranian nationals who bring this action under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. 706(2), 555(b), 706(a)(A) and (D), to compel the Defendants[2] to adjudicate their H-1B visa applications. *See* [Doc. No. 1]. In response, Defendants have filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, [Doc. No. 10] (the "Motion"). Upon consideration of the Motion, the memoranda submitted in support thereof and in opposition thereto, and the supplements thereto, the Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I. BACKGROUND**

Plaintiffs allege the following in their Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("Complaint"):[3]

---

[1] Former Plaintiff Mohammadhossein Geranmeyeh voluntarily dismissed his claims. [Doc. No. 23].
[2] Plaintiffs originally sued Daniel P. Callahan, former Acting Director of the National Vetting Center, and Antony J. Blinken, former Secretary of the Department of State, in their official capacities. [Doc. No. 1] ¶¶ 29-30. However, because the originally named Defendants were public officers being sued in their official capacity, their successors are automatically substituted as parties to the litigation, *see* FED. R. CIV. P. 25(d), leaving Monte Hawkins, Director of the National Vetting Center, and Marco Rubio, Secretary of the Department of State, as the Defendants in this action (collectively the "Defendants").
[3] Plaintiffs also included several exhibits to its Complaint, which the Court has considered in its decision, *see* [Doc. Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14]; *see also* FED. R. CIV. P. 10(c) ("A copy of a

1

Plaintiff Soheila Khalilijourabchian is an experienced molecular technologist with over two decades of scientific achievements and research experience in hematology, microbiology, and immunology, and the University of Pennsylvania hired her as a Research Specialist C, a position that was set to begin on March 1, 2023. [Doc. No. 1] ¶¶ 99-101. Plaintiff Ali Golestani Shishvan currently works as a postdoctoral research fellow at the University of Toronto, received his Masters degree in Photonics and a Ph.D. in Physics, is a recognized researcher in the Quantum Photonics field, and due to these credentials, the Arizona State University offered him a research position that was expected to begin in the fall of 2023. *Id.* ¶¶ 136-39, 141-42. Plaintiff Mahla Daliri Beirak Olia is a world-renowned medical doctor and orthopedics researcher with a significant array of accomplishments which enticed Adventist Health Systems to offer her a position as the Senior Research Fellow in their Orthopedics Department starting on November 27, 2023. *Id.* ¶¶ 182-83, 188; *see also id.* ¶¶ 184-87.

The H-1B visa program authorizes the issuance of a nonimmigrant visa that allows foreign workers to be employed in specialty occupations. *Id.* ¶ 31. Because the Plaintiffs are Iranian nationals, they are required to obtain H-1B visas before entering the United States and beginning their offered employment. For that purpose, the Plaintiffs' prospective employers must first file an I-129 on behalf of their prospective employee with supporting documents and fees, after which, the employee must apply for the H-1B visa, provide evidence of prospective employment, and demonstrate that they have the appropriate job training for the prospective employment. 9 FAM

---

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). However, both parties have attached various exhibits to their respective pleadings pertaining to the Motion, many of which are neither referenced in the Complaint, integral to and expressly relied on in the Complaint, or contain information that the Court may take judicial notice of, *see* [Doc. Nos. 11-1, 13-2, 13-3, 13-4, 13-5, 13-6, 13-7, 13-8, 13-9, 13-10, 13-11]. The Court has, therefore, not considered these exhibits in reaching its decision on the Motion, other than for determining whether the Court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (allowing a Court to consider evidence outside of the pleadings when ascertaining whether it has jurisdiction over an action).

2

402.10-7(C); 9 FAM 402.10-7(D). USCIS will generally notify the applicant that the visa was approved through a Form I-797. 9 FAM 402.10-7(E). Generally, a nonimmigrant visa like an H-1B visa should be "issued or refused in all cases once an application has been made," 9 FAM 403.10-2(A), and they cannot "temporarily refuse, suspend, or hold the visa for future action." 9 FAM 403.7-3. However, a visa cannot be issued when "it appears to the consular officer" that the applicant "is ineligible to receive a visa]" 8 U.S.C. § 1201(g). A Section 221(g) refusal may be issued where, *inter alia*, "[t]he [visa] application otherwise fails to meet specific requirements of law or regulations for reasons for which the alien is responsible."[4] 8 C.F.R. § 40.201(a)(7). If a visa is refused under 221(g), the applicant must "wait for the results of additional administrative processing." 9 FAM 403.10-3(A)(5).[5]

As required, Plaintiffs' prospective employers submitted an I-129 on their behalf, which was approved, and the Plaintiffs subsequently applied for an H-1B visa, completed all necessary application steps, and attended an interview. [Doc. No. 1] ¶¶ 103-05, 143-45, 192. After the interview, the respective consular officers notified the Plaintiffs that their case was refused under Section 221(g) and would be placed in administrative processing, during which time, Plaintiffs were asked to submit additional information through a questionnaire. *Id.* ¶¶ 106-10, 146-51, 194-99. Plaintiffs were informed that their case "will remain refused while undergoing [administrative] processing," but they "will receive another adjudication once such processing is complete" or a functional equivalent of the same. *See* [Doc. No. 1-8]; [Doc. No. 1-10]; [Doc. No. 1-13].

---

[4] A consular officer may also issue a 221(g) refusal where (1) the application is incomplete or requires new information; (2) the consular officer requests an advisory opinion; or (3) further background checks are required. 9 FAM § 302.1-8, § 504.11-2, § 403.10-3.

[5] In that regard, Iranian nationals, such as the Plaintiffs, cannot be issued a nonimmigrant visa "unless the Secretary of State determines, in consultation with the Attorney General and the heads of other appropriate United States agencies, that such [noncitizen] does not pose a threat to the safety or national security of the United States." 8 U.S.C. § 1735(a). The record does not indicate whether such a determination was undertaken or made.

3

To date, Plaintiffs' visa applications have remained in administrative processing for approximately 18 to 29 months. *See* [Doc. No. 1] ¶ 12, which they allege has caused lost wages, financial hardship, and significant stress, but perhaps most potently, concern that their prospective employers may soon rescind their employment offers. *Id.* ¶¶ 112, 116-24, 153-66, 199-218. In their four count Complaint, Plaintiffs allege that the Defendants have failed to adjudicate their H-1B nonimmigrant visa applications without reasonable delay and ask the Court to compel the Defendants' to adjudicate their H-1B visa applications. *Id.* ¶¶ 225-35, 237-42.

## II. STANDARD OF REVIEW

Federal district courts only have limited subject matter jurisdiction, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may ask the court dismiss a claim if it lacks subject matter jurisdiction. Questions of jurisdiction should be decided before the merits of a case. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981). A plaintiff must show by a preponderance of the evidence that a federal district court has subject matter jurisdiction over an action or the action must be dismissed. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "In determining whether subject matter jurisdiction exists, the court must evaluate the allegations in the complaint as 'mere evidence,' and so may consider evidence outside the pleadings without converting the motion challenging jurisdiction into a summary judgment motion." *Richmond*, 945 F.2d at 768.

## III. DISCUSSION

For this Court to have jurisdiction through the APA and the Mandamus Act, Plaintiffs must have identified a discrete agency action that the Defendants *must* complete.[6] *See Norton v. S. Utah*

---

[6] "The standard for obtaining relief under § 706(1) is the same as the standard for obtaining mandamus." *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781 n.25 (E.D. Va. 2015). The APA authorizes courts to compel agencies to "take a discrete agency action" which has been "unlawfully withheld or unreasonably delayed" and which "it is required to take" *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-66 (4th Cir. 2021); 5 U.S.C. § 706(1). Similarly, to state

4

*Wilderness All.*, 542 U.S. 55, 64 (2004). The INA provides that "[a]ll nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(d). Agency regulations specifically direct that "the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under the INA 243(d), discontinue granting the visa." 22 C.F.R. § 41.121; *see also id.* § 41.106 ("Consular officers *must* ensure that the Form DS-160 or, alternatively, Form DS-156 is properly and promptly processed in accordance with the applicable regulations and instructions." (emphasis added)). This use of mandatory language, specifically "shall" and "must," creates a discrete, non-discretionary duty to adjudicate a visa application. *See Lovo v. Miller*, 107 F.4th 199, 211 (4th Cir. 2024) ("[T]he presence of 'unmistakably mandatory' language . . . can provide sufficient evidence of the unequivocal command required for [the court] to hold that an agency is compelled to act." (quoting *Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993))).

Defendants argue that they have already adjudicated Plaintiffs' visas by issuing a refusal under Section 221(g), thereby discharging any statutory obligation to act and depriving this Court of subject matter jurisdiction. In that regard, Defendants contend that Plaintiffs' request is essentially requesting reconsideration of the Section 221(g) adjudication based on newly submitted information, which is not required under the relevant statutes and regulations. [Doc. No. 11] at 11-12. Meanwhile, Plaintiffs argue that, notwithstanding whatever effect a 221(g) refusal might otherwise have, the Defendants' decision to place their visa applications in administrative

---

a claim under the Mandamus Act, a plaintiff must establish "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). This clear duty to act is jurisdictional in nature. *See Am. Hosp. Assoc. v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)). Thus, in order to obtain relief under either standard, a plaintiff must identify "a discrete agency action that [the agency] is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The purpose of this limitation is to "protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve," and ensure that courts are not determining how an agency must act in order to be compliant with broad statutory mandates. *Id.* at 66-67.

processing for further review, accompanied by the statement that they "will receive another adjudication once such processing is complete," in effect, postpones a final adjudication of their visa applications, thereby leaving Defendants with a discrete, non-discretionary duty to adjudicate their H-1B visa applications in the first instance. [Doc. No. 13] at 17-18.

Here, the Plaintiffs each received a visa refusal under Section 221(g), *see* [Doc. No. 1] ¶¶ 106, 147, 194, and despite the precatory language pertaining to further administrative review that accompanied that refusal, the Defendants satisfied, without further action required, their non-discretionary duty to adjudicate Plaintiffs' visa applications when the Section 221(g) visa refusals were issued. *See* 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa."); *see also Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *2, *6 (D.C. Cir. July 24, 2024) (unpublished) (finding that a visa application placed in administrative processing was an "already-refused visa application"); *Berenjian v. Blinken*, No. 1:24-CV-00663-MSN-IDD, 2024 WL 3732451, at *3 (E.D. Va. Aug. 8, 2024) (same). Nor have Plaintiffs identified any other applicable regulation or statute that imposes upon the Defendants a non-discretionary duty to further consider or re-adjudicate their visa applications within a specific period of time. Because Plaintiffs have not shown that the Defendants have failed to discharge a non-discrete duty to re-adjudicate their visa applications, the Court lacks subject matter jurisdiction over their APA and Mandamus claims. *See Berenjian*, 2024 WL 3732451, at *3-4.

## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that the Motion, [Doc. No. 10], be, and the same hereby is, **GRANTED**, and Plaintiffs' claims are **DISMISSED** for lack of subject matter jurisdiction**.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

June 10, 2025
Alexandria, Virginia

_____
Anthony J. Trenga
Senior U.S. District Judge